FILED IN CHAMBERS
U.S.D.C. Rome

AUG 14 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

DEMETRIUS WALLACE, Inmate No.
CDC 1189800,

       Plaintiff,

  v.

H. DWIGHT HAMRICK, Warden, and
JAMES DONALD, Commissioner,
Georgia Department of
Corrections,

       Defendants.

CIVIL ACTION

NO. 4:06-CV-19-RLV

O R D E R

By previous order, this court dismissed the plaintiff's complaint for failure to state a claim. The plaintiff appealed, and the Eleventh Circuit affirmed in part and reversed in part. The Eleventh Circuit held that this court had erred in dismissing the plaintiff's due process and cruel and unusual punishment claims. Upon remand, this court directed that the case proceed and directed that the defendants be served with process. Pending before the court is the defendants' motion to dismiss [Doc. No. 29].

In his complaint, the plaintiff alleges that his due process rights were violated when he was placed in administrative segregation for 28 days without hot water, ventilation, timely medical care, and the opportunity to exercise. He further alleges

that these conditions were a violation of the Eight Amendment's prohibition against cruel and unusual punishment.

The defendants contend that this court is without authority to address the merits of the plaintiff's claims because he failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a), which provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional institution until such administrative remedies as are available are exhausted." In their brief, the defendants state, "Here it is apparent that the Plaintiff has not complied with the aforesaid statute, and his failure to do so deprives this court of jurisdiction to hear the case." They cite Alexander v. Hawk, 159 F.3d 1321 (11th Cir. 1998), for this proposition and go on to say, "In <u>Alexander</u>, *supra*, the court held that the PLRA exhaustion requirement is mandatory and jurisdictional."

Despite arguing that the exhaustion requirement is jurisdictional, the defendants inexplicably cite *and quote* the following language in Woodford v. Ngo, ___ U.S. ___, 126 S.Ct. 2378, 2392 (2007): ". . . . §1997e(c)(2) stills serves a useful function by making it clear that the PLRA exhaustion requirement is not jurisdictional. . . ." Despite acknowledging that the

2

exhaustion requirement is not jurisdictional, the Supreme Court in *Woodford* still made it clear that a prisoner must exhaust, and must *properly* exhaust, "such administrative remedies as are available." Thus, even though not jurisdictional, ""[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, ___ U.S.___, ___, 127 S.Ct. 910, 918-19 (2007).

In support of their motion to dismiss for failure to exhaust administrative remedies, the defendants attach the affidavit of Jeanie Kasper, Deputy Warden of Care and Treatment at Walker State Prison, and also serves as the Grievance Coordinator at that prison. Deputy Warden Kasper attached a copy of the Department of Corrections' grievance procedure, which shows that the grievance process starts with an informal grievance which must be initiated before an prisoner can complete an official formal grievance form. If a prisoner is not satisfied at the end of the informal grievance procedure, he then initiates the formal grievance procedure by requesting a formal grievance form from his counselor, which must be completed and returned within five business days of the prisoner's receipt of the written resolution of the informal grievance. The warden must respond to the formal grievance, and if the prisoner is dissatisfied with the decision, he may appeal to

3

the office of the Commissioner of the Department of Corrections. The formal grievance process is not completed until a response has been rendered by the Commissioner's office.

Deputy Warden Kasper states that while incarcerated at Walker State Prison, the plaintiff has initiated four informal grievances, including a grievance filed on January 10, 2006, in which the plaintiff complained that he was confined to segregation with no hot water and no exercise and that the officers refused to deliver newspapers to him. The plaintiff signed that the grievance was resolved on January 19, 2006. No formal grievance was ever filed.

In responding to the motion to dismiss, the plaintiff acknowledges that he filed several informal grievances but contends that his requests for a formal grievance were denied. Additionally, even though he does not dispute the veracity of Deputy Warden Kasper's affidavit, he argues that she should have attached copies of the grievances instead of just a tracking memo.[1] The plaintiff's unsubstantiated allegation that he did not file a formal grievance because he did not have the forms to do so is

---

[1] The court agrees that the better procedure would have been to attach copies of the grievances. However, since the plaintiff does not dispute the veracity of the statements made by Deputy Warden Kasper regarding the informal grievances, the failure to attach copies is harmless.

4

belied by the grievance process itself. Those forms are readily available, but even if prison officials failed to provide those forms, the plaintiff could have initiated an informal grievance on that issue. Even though he clearly knew how to initiate an informal grievance and even though he does not contend that he was ever denied an informal grievance form, the plaintiff never filed an informal grievance on this issue.

For the foregoing reasons, the court concludes that this suit is barred because the plaintiff did not exhaust his administrative remedies.

In his response to the defendants' motion, the plaintiff seems to suggest that this court must reach the merits of his claims because the Eleventh Circuit remanded those claims to this court. This suggestion ignores the procedurally posture of the case. In remanding, the Eleventh Circuit held simply that the allegations of the plaintiff's complaint were sufficient to state claims for relief. The Eleventh Circuit never addressed whether the claims would be subject to any affirmative defenses. Indeed, the Supreme Court has recently held that failure to exhaust administrative remedies is an affirmative defense and is not an allegation that must be made in the complaint. See Jones v. Beck, supra. The fact that the Eleventh Circuit approved the plaintiff's complaint

5

despite the fact that the plaintiff had not alleged that he had exhausted his administrative remedies does not mean that the complaint was not subject to the affirmative defense of failure to exhaust.

Because the plaintiff did not exhaust his administrative remedies, this court has no authority to consider this case. Therefore, the defendants' motion to dismiss [Doc. No. 29] is GRANTED.

SO ORDERED, this 14th day of August, 2007.

/s/ Robert L. Vining, Jr.
ROBERT L. VINING, JR.
Senior United States District Judge